UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80172-Civ-HURLEY
(06-80184-Cr-HURLEY)
MAGISTRATE JUDGE P. A. WHITE

DWAINE EASON,                      :

          Movant,                  :

v.                                 :            **REPORT OF**
                                                **MAGISTRATE JUDGE**
UNITED STATES OF AMERICA,          :

          Respondent.              :
_____

## Introduction

This matter is before the Court on Order of Reference (DE#50) dated October 5, 2010, from United States District Judge Daniel T. Hurley, for a Report to determine the appropriateness of attorney's fees and costs requested by Criminal Justice Act ("CJA") counsel Marc David Seitles ("Counsel"), for services rendered in this case to the movant, Dwaine Eason ("Movant").

## Background

On or about August 9, 2010, court-appointed Counsel submitted a voucher application numbered FLS 09 3521 requesting final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated September 16, 2010 and detailed time sheets in support of his voucher application.

Counsel seeks $14,894.00, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. See 18 U.S.C. 3006A (2010). As a result, Court approval is required. Consequently, the Honorable Daniel T. Hurley entered an Order of Reference (Cv-DE#50) referring

the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. §636(a).

Criminal Justice Act & Guidelines for
Administration of the Criminal Justice Act

The issue before the Court is the appropriateness of Counsel's CJA voucher for attorney's fees and costs in this case. The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The CJA directs federal courts to "fix the compensation and reimbursement to be paid to the attorney representing an indigent defendant in a criminal case." 18 U.S.C. §3006A(d)(5). The statutory authority and discretion to determine what is a reasonable amount of billable time or expense rests with the District Court. See 18 U.S.C. §3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). By statute, the maximum amount of fees a CJA attorney may recover for post-conviction proceedings under 28 U.S.C. §2255, for services completed on or after January 1, 2010, is $9,700.00. See 18 U.S.C. 3006A(d)(2). In order for the recommended fee amount to exceed the statutory

maximum, however, the district court must first certify that the case involves "complex" or "extended" representation. See 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered complex if the "legal or factual issues ... are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case." See Section 2.22B(3) of the Guidelines. Moreover, a case is extended where "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." Id.

A district court's determination of a reasonable fee pursuant to the CJA is an administrative order, not a judicial order, and therefore not a final decision for purposes of supporting appellate jurisdiction. United States v. Rodriquez, 833 F.2d 1536, 1538 (11th Cir. 1987); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). District Courts are vested with discretion to set CJA fee determinations. Griggs, 240 F.3d 974. "With regard to CJA court appointed cases, the courts have an inherent obligation to make sure that claims for taxpayer provided monies are justified." United States v. Fedor, 2008 WL 2264556, 4 (S.D.Fla. 2008)(quoting United States v. Smith, 76 F. Supp,2d 767, 768 (S.D.Tex. 1999). Additionally, the CJA "does not require a court to hold adversary hearings on fee awards." Id.

Fee determinations are administrative orders, not judicial orders. Rodriquez, 833 F.2d at 1538. Although each individual fee determination involves a specific examination of the facts and circumstances of a particular case, each is a part of the fabric of this District's administration of the CJA plan. Each fee determination is an individual inquiry based on the nature and

3

circumstances of the case.

## Discussion

Under the Guidelines, in order to be compensated in an amount exceeding the $9,700 statutory maximum, the Court must find that the representation was either complex or extended. This case was neither complex nor extended.

In this case, counsel was appointed in May 2009. (Cv-DE#10). An evidentiary hearing was had approximately five months later, on October 8, 2009, regarding the movant's claim that counsel was ineffective for failing to file a requested direct appeal. At that time, only two witnesses testified, to-wit, the movant, and former movant's counsel, Assistant Federal Public Defender Lori Barrist. (Cv-DE#s19,22). The transcript of the evidentiary hearing was only 85 pages. (Cv-DE#22). Counsel's involvement in this case did not require more time for processing than the average §2255 case.

In this case, the Court's CJA Administrator reviewed Counsel's voucher for compliance with CJA guidelines and mathematical accuracy. No adjustments were made to the total hours or costs incurred. The CJA voucher claims 4.0 hours of in-court time, 17.1 hours of out-of-court conferences, 32.7 hours for obtaining and reviewing records, 68.9 hours of legal research and brief writing, 7.9 hours for investigation and other work performed, as well as, $90.00 for photocopying exhibits for the evidentiary hearing.

Counsel is now requesting payment exceeding the statutory cap of the CJA on the grounds that the instant case was both "complex" and "extended."

4

<u>This Case Was Not Extended Nor Complex</u>

As will be recalled, only one evidentiary hearing, lasting less than a day, was had in this collateral proceeding. While counsel's representation continued thereafter, filing response(s) to the government's objections to the Report entered in this case, the court does not find that this case was such that more time was required than the average §2255 case of this nature. Consequently, the undersigned does not find that counsel's representation in this regard was extended.

Next, the undersigned must consider whether the case was complex, sufficient to warrant a deviation from the statutory CJA maximum. While it is true that one of the issues involved in this collateral proceeding was in a state of flux following the Supreme Court's decision in <u>Begay v. United States</u>, 553 U.S. 137 (2008), Counsel was not unfamiliar with this issue, having been previously appointed by the undersigned to represent and brief <u>Begay</u>. See <u>Frederick v. United States</u>, 08-22143-Civ-King. In <u>Frederick</u>, Counsel was ordered and filed in late 2008, memoranda examining and discussing <u>Begay</u> and its retroactivity, as well as, its applicability to Frederick, another §2255 movant. By the time counsel was appointed in 2009 in this case, the state of the law following <u>Begay</u> was not complex. Moreover, the evidentiary hearing claim was also not complex. Consequently, it is recommended that Counsel should be paid the statutory maximum of $9,700 for total attorney's fees and costs incurred in this matter.

In making this recommendation, the undersigned has been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus,

5

the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice....On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel." United States v. Mukhtaar, 2008 WL 2151798, at *2 (S.D.N.Y. May 21, 2008)(citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." United States v. Diaz, 802 F.Supp. 304, 307 (C.D.Cal. 1992)(quoting United States v. Carnevale, 624 F.Supp. 381, 383 (D.R.I. 1985)).

The undersigned commends Counsel for his professionalism and willingness to take this appointment, and is appreciative of the efforts expended on behalf of the movant, a *pro se* prisoner. Counsel's affidavit reflects the fact that he is well-prepared and a diligent advocate for his clients. The court is aware of his ethics and professionalism as Counsel has been before the undersigned on multiple occasions, representing *pro se* federal prisoners during numerous evidentiary hearings.

After review of the billing records provided, the case record, and, upon consideration of the case law discussed above, however, I conclude that an award of $9,700.00 total is fair, although admittedly not full compensation for counsel's services. Once again, while I commend counsel for his professionalism and willingness to take this appointment, "[W]hat is commendable, however, is not necessarily compensable." United States v. Smith, 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable and that his total expenses be

reduced to the CJA statutory maximum of $9,700.00.

To be clear, the undersigned is not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established by the Guidelines.

### Conclusion

It is therefore recommended that Counsel be paid a total of $9,700.00 as fair and final compensation for his work and costs incurred in this case.

Pursuant to 28 U.S.C. §636(b)(1), objections to this report may be filed with the District Judge within fourteen days of this Report.

Signed this 17th date of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

cc:   Marc D. Seitles, Esquire
      Attorney for Movant
      169 E. Flagler Street, #1200
      Miami, FL 33131
      Phone: 305/379-6667
      Fax: 305/379-6668

      Lothrop Morris, AUSA
      U.S. Attorney's Office
      500 Australian Avenue, Suite 400
      West Palm Beach, FL 33401
      Phone: 561/820-8711
      Fax: 561/820-8777

      Betty Rodriguez, Deputy Clerk